**GENERAL AMERICAN TRANSPORTATION CORPORATION, Plaintiff,**

v.

**CRYO–TRANS, INCORPORATED, Defendant.**

**Misc. No. 94–132–FR.**

United States District Court, D. Oregon.

Jan. 23, 1995.

---

Thomas P. Walsh, Shannon, Johnson & Bailey, P.C., Portland, OR, Thomas I. Ross, Scott W. Petersen, Hill, Steadman & Simpson, Chicago, IL, for plaintiff.

John F. Neupert, Miller, Nash, Wiener, Hager & Carlsen, Portland, OR, for defendant.

## OPINION

FRYE, Judge:

The matter before the court is Plaintiff General American Transportation Corp.'s Discovery Motion to Compel.

## BACKGROUND

In March of 1991, the plaintiff, General American Transportation Corporation (GATC), filed an action against the defendant, Cryo–Trans, Incorporated (Cryo–Trans), in the Northern District of Illinois seeking a judicial declaration that United States Letters Patent No. 4,704,876 (the '876 patent) issued to Ralph P. Hill on November 10, 1987 and entitled "Cryogenic Refrigeration System" is not invalid, void and unenforceable, and further that the '876 patent is not infringed by the design of GATC's cryogenic refrigerated boxcar, presently commercialized in the United States under the tradename "Articar." In its complaint, GATC sought a preliminary injunction enjoining Cryo–Trans from threatening to file a patent infringement action and other related litigation against the actual and prospective users of GATC's "Articar" boxcars.

Cryo–Trans filed a counterclaim against GATC alleging a claim for patent infringement.

On April 17, 1991, Cryo–Trans filed a motion for a preliminary injunction seeking to enjoin GATC from making, using, selling or leasing "Articar" cryogenically-refrigerated boxcars which Cryo–Trans maintains infringes claims 1–5 of the '876 patent.

From July 8, 1991 through July 12, 1991, a hearing on the motion of Cryo–Trans for a preliminary injunction was conducted in the United States District Court for the Northern District of Illinois by Magistrate Judge W. Thomas Rosemond, Jr. On August 12, 1994, Magistrate Judge Rosemond recommended that the district court grant the motion of GATC for a preliminary injunction and deny the motion of Cryo–Trans for a preliminary injunction. Magistrate Judge Rosemond found that known prior art was withheld from the Patent Office in connection with the '876 patent application proceeding; that this known prior art was material; and

that the Patent Office would have rejected an amendment to the '876 patent application if it had been advised of this known prior art. *See* Report and Recommendation, pp. 55–70.

On September 6, 1994, Cryo–Trans filed objections to the recommendations of Magistrate Judge Rosemond pursuant to 28 U.S.C. § 636(b)(1).

On October 18, 1994, GATC issued a subpoena to Kenneth S. Klarquist. Klarquist and his law firm had prepared and prosecuted the '876 patent application before the Patent Office on behalf of Cryo–Trans. GATC seeks to take the deposition of Klarquist and to have him produce the documents requested. Klarquist has not produced the documents responsive to the subpoena which are protected by the attorney-client privilege.

On December 20, 1994, Honorable Ruben Castillo, United States District Judge for the Northern District of Illinois, adopted the recommendation of Magistrate Judge Rosemond in part, but rejected the recommendation of Magistrate Judge Rosemond that the motion for attorney fees be granted. Judge Castillo stated, in part:

> The Magistrate Judge based his recommendation that GATC's motion for attorney fees be granted on his conclusions that Cryo–Trans engaged in inequitable conduct during the prosecution of the patent application, that Cryo–Trans' prosecution of its patent application was in bad faith, and that Cryo–Trans committed fraud on the Patent Office. *See* Report ¶¶ 44–48. However, in view of the procedural posture of this case, the Magistrate Judge's recommendation that attorney fees be granted to GATC is plainly premature. Neither the Magistrate Judge nor this court had made any final determinations on the merits of this case. In recommending that GATC's motion for preliminary injunction be granted, the Magistrate Judge—and now this court by adopting the Magistrate Judge's Report and Recommendations—determined that GATC had established a reasonable likelihood of success on the merits.

Memorandum Opinion and Order, pp. 5–6.

## CONTENTIONS

Cryo–Trans contends that the documents and testimony sought are protected by the attorney-client privilege and work product immunity. Cryo–Trans argues that GATC has not established a prima facie case of fraud on the Patent Office, thereby vitiating the attorney-client privilege.

GATC contends that the attorney-client privilege and work product immunity do not shield discovery of the documents and the information sought here because there has been a prima facie showing of fraud in connection with the '876 patent application proceeding. GATC argues that the showing of fraud was made in the course of the hearing on the motions for a preliminary injunction conducted between July 8 and 12, 1991 before Magistrate Judge Rosemond, and that Magistrate Judge Rosemond confirmed the showing of fraud in his Report and Recommendation to Judge Castillo.

Cryo–Trans and Klarquist argue that this court should not find that the attorney-client privilege has been vitiated because there is no factual basis for this court to conclude that Klarquist or any other party associated with the prosecution of the '876 patent had any intent to deceive the Patent Examiner which is a fact necessary in order to make a prima facie showing of fraud.

## ANALYSIS AND RULING

■ A prima facie showing of fraud will vitiate the attorney-client privilege. *United States v. Shewfelt,* 455 F.2d 836, 840 (9th Cir.), *cert. denied,* 406 U.S. 944, 92 S.Ct. 2042, 32 L.Ed.2d 331 (1972). Otherwise, privileged documents and communications made before or during proceedings before the Patent Office that relate to the patent issued by the Patent Office lose their protection under the attorney-client privilege and the doctrine of work product immunity where the discovering party has made a prima facie case of 1) a knowing, willful and intentional omission before the Patent Office; 2) that is material; and 3) that the Patent Office relied upon in deciding to issue the patent. *Union Carbide Corp. v. Dow Chem. Co.,* 619 F.Supp. 1036, 1051–52 (D.Del.1985).

■ A prima facie showing is a showing sufficient to prevail until the showing is con-

tradicted or overcome by other evidence. While Cryo–Trans correctly points out that a final determination of the facts relating to fraud in the preparation and prosecution of the '876 patent has not been made, the order of Judge Castillo adopting the factual findings of Magistrate Judge Rosemond in his Report and Recommendation that GATC had established a likelihood of success on the merits of the claim by GATC that Cryo–Trans had engaged in a fraud on the Patent Office in connection with the preparation and prosecution of the '876 patent application is a showing sufficient to establish a prima facie case of fraud necessary to vitiate the attorney-client privilege.

The documents sought are reasonably calculated to lead to the discovery of admissible evidence concerning the issue of inequitable conduct in connection with the '876 patent application proceeding before the Patent Office. Because the attorney-client privilege no longer protects these documents, they must be disclosed.

### CONCLUSION

Plaintiff General American Transportation Corp.'s Discovery Motion to Compel is granted.